## NASHVILLE & CHATTANOOGA R. R. Co. *v.* TROXLEE.

RAILROAD. *Duty of Engineer.* If a train is moving at such a rate of speed that to reverse the engine would endanger the lives of the passengers, or those on the train, the engineer is not required to do so, although, thereby, the accident or collision might have been prevented.

### FROM BEDFORD.

Appeal in error from the Circuit Court of Bedford county. W. H. WILLIAMSON, J.

EAST & FOGG for Railroad.

J. F. SCUDDER for Troxlee.

J. W. JUDD, Sp. J., delivered the opinion of the court.

In this case, the proof of the defendant below tended to show, that at the · rate of speed the train was moving at the time of the collision, it was dangerous to the lives and limbs of the passengers and persons on the train, to have reversed the engine of the locomotive; and upon this the court was asked to instruct the jury, that if they found such to be the fact from the proof, then the engineer in charge was not bound to resort to this, although such action might have prevented the collision. The court refused this instruction, and in so doing, we think, he erred.

The statutes made by the Legislature for the government of railroads in cases of this kind are quite stringent, and, we think, justly so; but it certainly was never intended by the law-makers, that anything should be required which would endanger, in the given case, the lives and limbs of the persons upon the train.

This case is controlled by the case of *Mary Rowtim* v. *L. & N. Railroad Co.*, MS., decided at Jackson, November 13th, 1875, with the ruling of which we are satisfied.

But it is strenuously insisted, that if by reversing the engine such danger would result as is indicated, and the railroad does not choose to take these chances, then they must pay for the mule. In other words, although the company may comply with the

*named* requirements of the statutes, yet if there is something else which they can do and fail to do, by the doing of which, they would endanger the lives and limbs of persons on the train, they must never-theless do this, or pay for all the consequences of not doing it.

We cannot concur in this view of the law, and such is expressly held not to be law in the case cited.

What the verdict of the jury might have been if the Judge had charged as requested, we cannot of course know; and it is possible, as is argued for defendant in error, might have been the same as now; but our only reply to this is, that the defendant below did not have the benefit of law that it was entitled to.

This case will be remanded, and a new trial will be had, when the law will be charged in accordance with this opinion.